Dear Mr. Hatch:
We are in receipt of your request for an Attorney General's opinion on the following question:
 Whether a person convicted of a felony in 1971 can register to vote in the State of Louisiana without first having obtained a formal pardon.
Your letter states that Mr. Willie Curry was convicted of a felony on January 4, 1971, and on January 3, 1979, he was discharged from further supervision and his sentence was fully satisfied and completed. You further state that Mr. Curry has qualified to seek the office of Police Juror, Claiborne Parish and you request our opinion as to whether or not he can qualify. With regard to this question, we refer you to Chapter 9 of the Louisiana Election Code regarding contests and challenges to candidacy and elections. A qualified elector may bring an action objecting to the candidacy of a person within seven (7) days after the close of qualifying. It is not the duty of the public official who receives the qualifying papers of a candidate to determine if said candidate is qualified for office.
With regard to your first question, we have reviewed the cases cited in your letter, State v. Baxter and State v.Haynes, and we agree with your conclusion that a person convicted of a felony prior to 1974, but who has completed his sentence after 1974, must still obtain a pardon in order to have his full rights of citizenship restored. (LSA-Const. Art. I, § 20 (1974)) Baxter and Haynes both conclude that automatic pardons are not applicable to offenses which occurred prior to January 1, 1975, the effective date of the 1974 constitution. See also, Attorney General Opinion Nos. 79-787, 83-790 and 89-456.
If we can be of further assistance in this matter, please do not hesitate to contact our office.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 _________________________________ ANGIE ROGERS LaPLACE Assistant Attorney General
RPI/ARL/pb
arl/opinions/ 95-380
Enclosures
DATE RECEIVED:
DATE RELEASED:
ANGIE ROGERS LAPLACE ASSISTANT ATTORNEY GENERAL